Mr. Justice Van Oesdel
delivered the opinion of the Court:
The case, as presented, turns upon the interpretation to be placed upon the proviso to sec. 7 of the act of Congress of March 3, 1891, 26 Stat. at L. 1099, chap. 561, U. S. Comp. Stat. 1901, p. 1521, as follows: “Provided, That after the lapse of two years from the date of the issuance of the receiver’s receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be •construed to require the delay of two years from the date of said entry before the issuance of a patent therefor.”
The court below sustained the contention of counsel for appellee, and entered an order peremptorily commanding the Secretary of the Interior to deliver to the relator a patent for the lands in controversy, and to recall, vacate, revoke, and erase “any and all orders, marks, notations canceling, or holding for cancelation, or purporting to cancel, or hold for can *440 celation, said receiver’s receipt numbered 7754, and the entry evidenced thereby.” the writ was issued upon the ground tbat tbis is a statute of repose, a limitation alike upon the government and all private protestants or contestants, and tbat the letter and telegram of Hobbs and the order of the Secretary were not sufficient to constitute a pending protest at the expiration of two years from the issuance of the final receipt, and tbat nothing therefore remained for the Secretary to do but to perform the mere ministerial duty imposed by the statute of issuing the patent
the order of the court is assailed by counsel for the government on the ground tbat the statute does not operate as a limitation upon the government, and that the letter and telegram of Hobbs and the order of the Secretary constituted a valid pending protest at the expiration of two years from the issuance of the final receipt. In our view, it is unnecessary to consider either of these assignments, as the appeal can be disposed of on appellant’s fifth assignment of error, to wit: “We think the court erred because it failed to recognize and to hold (and hence to refuse the writ) tbat the matters sought to be controlled by tbis writ are within the exclusive jurisdiction of the Secretary of the Interior; tbat they involve the exercise of judicial discretion; and tbat the ruling of the Secretary, tbat there was a protest or contest, filed within the statutory period, is conclusive upon the courts, and not subject to direct review in judicial proceedings of tbis character.”
In the absence of any specific act of Congress to the contrary, the entire administration of the disposition of the public lands of the Hnited States is within the jurisdiction of the Commissioner of the General Land Office, under the direction and supervision of the Secretary of the Interior. Catholic Bishop v. Gibbon, 158 U. S. 155, 39 L. ed. 931, 15 Sup. Ct. Rep. 779. It will be conceded tbat well within the two years proceedings bad been instituted in the Interior Department looking to an investigation of the alleged fraud in the procuring of the final receipt. These proceedings formed the basis of a justiciable action, with the government on the one side and the bolder *441 of the receipt on the other. Whether or not the letter and telegram constituted a protest within the terms of the statute was a matter calling for a decision on the part of the Secretary of the Interior, the same as is required in passing upon the sufficiency of the pleadings in any controversy arising before him. In the determination of this question, the Secretary may have been mistaken in holding it sufficient to constitute a technical protest within the rules and precedents of the Land Department, but any attempt on our part to review his action in this proceeding would be to convert a writ of mandamus into a writ of error. It was within his jurisdiction to determine the sufficiency of the protest, or whether it, in fact, constituted a protest at all; and having decided that it did, it is beyond our' power to review his decision.
It is well settled that when the performance of a plain official duty, not requiring the exercise of discretion, is enjoined by law upon an executive officer of the government, and performance is refused, a writ of mandamus will issue to compel its performance at the instance of any person who can show that he has been injured by such refusal. If, in the present case, nothing had been pending at the expiration of the two years from the issuance of the final receipt, and the Secretary had arbitrarily refused to issue a patent, we would have a very different case. But here, at the expiration of the limitation fixed by law, a case was pending challenging the right, of the grantee of the entryman to a patent. It will not do in this proceeding to say that it did not amount to a protest under the law. That was for the Secretary to decide. There is no way open for us to determine this question without exceeding our jurisdiction and reviewing the lawful acts of the Secretary of the Interior in the due exercise of his authority to administer the laws relative to the disposition of the public lands of the United States.
While it is true that arbitrary power resides nowhere in our system of government, and while the supervisory authority vested in the Secretary of the Interior and the Commissioner of the General Land Office over the disposition of the public *442 lands is neither unlimited nor arbitrary, yet the question here presented as to whether or not the communications and order amounted to a protest, which we regard as exceedingly close, was one clearly within the power of the Commissioner to decide. To say that he was mistaken would require us to review a matter exclusively confided by law to his discretion and judgment. This proceeding will not admit of such a review.
The judgment is reversed with costs, and the cause is remanded with directions to vacate the order and dismiss the case. Reversed.
A writ of error to the Supreme Court of the United States was allowed.